**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gustavo GIRALDO–LARA and Aura Giraldo, Defendants–Appellants.**

**No. 89–7115.**

United States Court of Appeals, Fifth Circuit.

Nov. 27, 1990.

---

John D. Nation, Dallas, Tex., for Gustavo and Aura Ray Giraldo.

James T. Jacks, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Dallas, Tex., for U.S.

Before THORNBERRY, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Gustavo Giraldo–Lara and his wife Aura Giraldo each pled guilty to one count of

conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Gustavo to 235 months in prison and Aura to 180 months. They appeal, alleging various errors in the calculation of their sentences under the Federal Sentencing Guidelines.

## I. FACTS AND PROCEDURAL HISTORY

The facts of this case are largely undisputed. The defendants were for some time members of a large cocaine distribution operation. They were arrested for arranging to purchase seven kilograms of cocaine from a drug dealer who had been arrested and was cooperating with law enforcement officials. Several other conspirators were also arrested as a consequence of that drug dealer's cooperation. As a group, the arrested conspirators had planned to distribute twenty kilograms of cocaine.

Gustavo Giraldo–Lara pled guilty to one count of conspiracy to distribute cocaine and signed a factual resume admitting involvement in the conspiracy. A presentence report was prepared and Gustavo filed several objections to it. The district court overruled all of his objections, and imposed a sentence of 235 months, the maximum sentence available under the Sentencing Guidelines. His wife Aura initially decided to go to trial, but shortly after the trial began she also entered a plea of guilty. A presentence report was prepared. Aura filed objections which were overruled. The district court sentenced her to 180 months. Both defendants have timely appealed.

## II. DISCUSSION

### A. *The Amount of Cocaine to be Distributed*

The defendants first argue that because they had agreed to purchase and distribute only seven kilograms of cocaine, it was improper for the district court to sentence them on the basis of the total amount of cocaine—twenty kilograms—to be distributed by the conspirators as a group.

■ The law on this point is clear. When calculating the defendant's base offense level under the Sentencing Guidelines, the sentencing judge determines, among other things, the amount of cocaine involved in the offense. In doing so, the judge may "consider a variety of evidence" and is "not limited to amounts seized or specified in the indictment." *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989). Moreover,

> [t]he guidelines make clear that in drug distribution cases quantities of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.

*United States v. Byrd*, 898 F.2d 450, 452 (5th Cir.1990). *See also* U.S.S.G. § 1B1.3, Commentary, 1.19 (January 15, 1988).

■ The sentencing judge's findings as to the amount of cocaine involved are findings of fact, and as such are reviewed only for clear error. *Thomas*, 870 F.2d at 176. Here the district court's determination that the defendants should be sentenced on the basis of conspiring to distribute twenty kilograms of cocaine is not clearly erroneous; there was ample support in the record for a finding that the defendants were part of a common scheme or plan to distribute twenty kilograms of cocaine.

### B. *Acceptance of Responsibility*

■ Defendant Gustavo Giraldo–Lara next argues that he was entitled to a two-level reduction in his offense level because he accepted responsibility for his crime. Although Gustavo pled guilty, it is well settled that a guilty plea does not by itself entitle a defendant to the reduction for acceptance of responsibility. *See, e.g., United States v. Nevarez–Arreola*, 885 F.2d 243, 246 (5th Cir.1989); *Thomas*, 870 F.2d at 176. The sentencing judge is entitled to take other evidence into account. *Nevarez–Arreola*, 885 F.2d at 246. As with the determination of the amount of cocaine involved, the district court's findings as to the defendant's acceptance of

responsibility are findings of fact, and will be overturned only if clearly erroneous. *Thomas,* 870 F.2d at 176. Indeed, this Court noted in *Thomas* that the standard of review on this issue—acceptance of responsibility—may be even more deferential than usual under the "clearly erroneous" standard.

> Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court in this area.

*Id.* See also *Nevarez–Arreola,* 885 F.2d at 245.

The sentencing judge's ruling that Gustavo did not accept responsibility for his crime is not clearly erroneous. There were strong indications before the sentencing judge that despite his guilty plea, Gustavo had not in fact accepted responsibility for his crime. During an interview with the probation officer who was preparing Gustavo's presentence report, Gustavo maintained that he was not involved in anything illegal and that he was not involved with drugs. The district court did not err in denying Gustavo a two-level reduction in his offense level.

## C. *Minor Participant*

■ Defendant Aura Giraldo argues that she was entitled to a decrease in her offense level because she played only a minor part in the conspiracy. Once again, the trial judge's finding—that she was not a minor participant—is subject to reversal only if clearly erroneous. *Thomas,* 870 F.2d at 177. There is plenty of support in the record for the district court's determination. In the factual resume that Aura signed as part of her guilty plea, she admitted that she had been involved on a daily basis in acquiring, transporting, and distributing cocaine and money over a period of about two years. Thus, although she may have played only a minor role in the particular transaction that led to her arrest, the sentencing judge did not err in concluding that she was not a minor participant in the cocaine distribution ring.

## D. *Prior Sentence*

■ In assessing Gustavo's offense level, the district court determined that Gustavo had a record of criminal activity that placed him in category III on the criminal history scale. This determination was based in part on a finding that Gustavo was on probation as a result of a previous prosecution in Texas state court for possession of marijuana. In particular, Gustavo was serving what is called in Texas "deferred adjudication probation." The question is whether this "deferred adjudication probation" counts as a "prior sentence" for purposes of calculating a defendant's criminal history score under the Sentencing Guidelines.

Section 4A1.2(a)(1) of the Sentencing Guidelines defines a "prior sentence" to include

> any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense.

U.S.S.G. § 4A1.2(a)(1). While it is clear under Texas law that "deferred adjudication probation" does not involve a finding of guilt by the state court,[1] that probation may nonetheless be counted as a prior sentence under the Guidelines. Section 4A1.2(f) of the Guidelines provides:

> (f) *Diversionary Dispositions*
>
> Diversion from the judicial process without a finding of guilt (*e.g.,* deferred pros-

---

1. The Texas Court of Criminal Appeals has explained that when deferred adjudication probation is imposed, "a judgment of guilt is not entered, punishment, as such, is not assessed and, of course, sentence has neither been imposed nor suspended." *McIntyre v. Texas,* 587 S.W.2d 413, 417–18 (Tex.Crim.App.1979). The Texas court went on to explain that

> [i]n essence, what has happened is that the movement of the course of developments in a

criminal action has been temporarily stilled and the accused has been permitted an opportunity to demonstrate his capacity for prescribed good behavior during a specified period. If he succeeds, the movement is reversed and disappears; however, should he fail, the movement in the criminal action continues with the normal incidents of trial.

*Id.*

ecution) is not counted. *A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a [prior] sentence ... even if a conviction is not formally entered.* U.S.S.G. § 4A1.2(f) (emphasis added). The Commentary to this section adds that "diversionary dispositions [are counted] if they involved a judicial determination of guilt or an admission of guilt in open court." U.S.S.G. § 4A1.2(f), Commentary 9.

The record before this Court affirmatively discloses that Gustavo entered a guilty plea in the state prosecution.[2] Accordingly, under the terms of § 4A1.2(f), Gustavo's "deferred adjudication probation" could properly be counted as a "prior sentence." The district court correctly calculated Gustavo's criminal history score.

### III. CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.

---

2. Indeed, at the time of Gustavo's state court prosecution Texas law provided that a defendant must plead guilty or *nolo contendere* in order to be eligible for "deferred adjudication probation." The Texas Code of Criminal Procedure provides that

> [w]hen in its opinion the best interest of society and the defendant will be served, the court may, *after receiving a plea of guilty or plea of nolo contendere,* hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation.

Tex.Code Crim.Proc.Ann. art. 42.12, § 5(a) (emphasis added), previously codified at art. 42.12 § 3d(a).