# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 96-20840 & 96-20853
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

NORBERTO CORONADO,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(CR-H-94-288-4)

September 19, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judge.

PER CURIAM:[*]

In two separate cases, now consolidated, Norberto Coronado pleaded guilty to conspiracy

to possess marijuana with the intent to distribute. As a result of his pleas, Coronado was sentenced

to a term of imprisonment of 152 months.

Coronado argues that the district court erred in determining his sentence under the Sentencing

Guidelines. First, Coronado maintains that the district court failed to adjust his sentencing level to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account for his role as a minor or minimal participant. Coronado also argues that the district court erred in adjusting upward adjustment his sentencing level for obstruction of justice. The government denies that error was committed. [2]

The district court found that Coronado was not a minor or minimal participant in either of the crimes charged. We review this finding for clear error.[3] In case No. 96-20853, Coronado negotiated transactions, received at least one shipment of marijuana, and received money from later sellers of the marijuana. In case No. 96-20840, Coronado rode with coconspirator Jose Maria Alcantar to the warehouse from which marijuana was to be stolen. He also threatened the life of a confidential informant after several other coconspirators were arrested at that warehouse. In the light of these facts, we conclude that the district court's conclusion was not clear error.

The district court also found that Coronado obstructed justice by threatening the confidential informant. This threat was made after his coconspirators were arrested at the warehouse. Therefore, Coronado knew or at least should have known that an investigation into the marijuana-theft conspiracy was underway. A logical inference from the threat is that Coronado hoped to impede the ongoing investigation. We hold, therefore, that the district court's findings were not clearly erroneous.[4]

---

[2] The government also maintains that Coronado waived his right to appeal in his plea agreement. A waiver of the right to appeal will be given effect provided that it is both informed and voluntary. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.), *cert. denied*, 115 S.Ct. 244 (1994). In the present case, however, we have insufficient information to determine whether the waiver was voluntary because the government failed to introduce the transcript of the plea colloquy. Therefore, we do not consider the government's argument.

[3] *United States v. Giraldo-Lara*, 919 F.2d 19, 22 (5h Cir. 1990).

[4] *See United States v. Graves*, 5 F.3d 1546, 1555 (5th Cir. 1993).

2

AFFIRMED.