**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 97-30792

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMERO VALDEZ-VALDEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana

---

June 8, 1998

Before GARWOOD, JONES, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Homero Valdez-Valdez, who pleaded guilty to re-entry by a deported alien, appeals the district court's enhancement of his sentence and assessment of criminal history points as a result of his felony kidnaping "conviction" in Texas, which occurred before his deportation. Valdez contends that the purported conviction is merely a deferred adjudication, as the state court did not enter an adjudication of guilt. The gravamen of Valdez's argument is that such a deferred adjudication is not the equivalent of a conviction under Texas law and therefore cannot

support a sentencing enhancement.  He also appeals the district court's addition of two criminal history points based on the kidnaping offense.  Finding no merit in either of these arguments, we affirm the sentence imposed by the district court.

I

FACTS AND PROCEEDINGS

Valdez is an alien and a native of Mexico.  In 1994, he was illegally present in the United States, and was arrested and formally deported.  In 1993, Valdez had been charged in Texas state court with kidnaping, to which he pleaded guilty.  The Texas court, finding sufficient evidence of guilt, imposed six years probation and 180 days imprisonment on work release, with a deferred adjudication.[1]  The kidnaping proceeding is the foundation of both the sentence enhancement and the addition of criminal history points at issue in this appeal.

In November 1996, INS agents found Valdez in Jefferson Parish, Louisiana.  He admitted that he was from Mexico and that he had entered the United States illegally.  The following month he was indicted for one count of illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326.  Valdez pleaded guilty as charged; his plea was not made pursuant to a plea agreement.  In his PSR the probation office made the following sentencing recommendations: Valdez's base offense level is eight; four levels should be added because his previous deportation occurred after conviction for a

---

[1]The government also notes the statement in the pre-sentence report ("PSR") that a warrant issued for violation of his probation and remains outstanding.

felony other than one involving violation of immigration laws, i.e., kidnaping; and he is entitled to a two-point reduction for acceptance of responsibility. As a result, his total offense level is ten. Finally, his criminal history category is IV, which includes two criminal history points for the 1993 guilty plea to kidnaping. Valdez's resulting total offense level and criminal history category combine to produce a sentencing range of fifteen to twenty-one months.

Valdez objected to the four-level increase based on his purported felony conviction in the kidnaping case, contending that his "deferred adjudication" should not be considered a conviction for purposes of § 2L1.2(b)(1). He also objected to the two points added to his criminal history score pursuant to § 4A1.1(b) for the same offense. The district court overruled both objections and sentenced Valdez to twenty-one months in prison, three years of supervised release, and a mandatory special assessment of $100. This appeal followed.

II

ANALYSIS

A. Standard of Review

"This Court reviews the application of the sentencing guidelines de novo and the district court's findings of fact for clear error."[2] Whether the sentencing guidelines apply to a prior

---

[2]United States v. Gooden, 116 F.3d 721, 723 (5th Cir.)(citing United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992), cert. denied, 508 U.S. 919, 113 S. Ct. 2365, 124 L. Ed. 2d 272 (1993)), cert. denied, 118 S. Ct. 350, 139 L. Ed. 2d 272 (1997).

conviction is a question of law, which we review de novo.[3]

B.    Offense Level — Specific Offense Characteristic

Section 2L1.2 of the United States Sentencing Guidelines ("Guidelines") governs the sentence imposed for unlawfully entering or remaining in the United States.  The version under which Valdez was sentenced provided for a base offense level of eight, with the specific offense characteristic determined as follows:

> If more than one applies, use the greater:
>
> (1)  If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by **4** levels.
>
> (2)  If the defendant previously was deported after a conviction for an aggravated felony, increase by **16** levels.[4].U.S.S.G. § 2L1.2(b)(1).[5]

---

[3]United States v. Vasquez-Balandran, 76 F.3d 648, 649 (5th Cir.  1996)(citing United States v. Garcia-Rico, 46 F.3d 8, 9 (5th Cir.), cert. denied, 515 U.S. 1150, 115 S. Ct. 2596, 132 L. Ed. 2d 843 (1995)).

[4]U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(1995) [hereinafter U.S.S.G.].  This section has been revised, effective November 1, 1997.  It now reads:

> (1)  If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows . . . :
>
> > (A)  If the conviction was for an aggravated felony, increase by **16** levels.
> >
> > (B)  If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by **4** levels.

**4**

Application Note 1 of the 1997 version explains that "'[f]elony offense' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year."[6]

Valdez contends that the district court erred in treating his deferred adjudication as a felony conviction. He first asserts that a charge which is deferred without adjudication of guilt is not considered a felony conviction under Texas law and therefore should not be considered to be one for purposes of the Guidelines. Valdez points out that the Texas Code of Criminal Procedure ("TCCP") specifically allows the judge to defer proceedings without entering an adjudication of guilt when such an action is warranted.[7] The TCCP also provides a procedure for converting the deferred adjudication to an adjudication of guilt if a condition imposed in the original deferred adjudication agreement is violated.[8] Even though he pleaded guilty, Valdez's deferred adjudication was never converted to a conviction and no adjudication of guilt was ever entered. Thus he insists that, while this case may expose him to those proceedings, such proceedings have not occurred. As such, Valdez contends, the Texas kidnaping charge cannot be deemed a felony conviction for purposes of § 2L1.2 of the Guidelines.

Relying on our decision in <u>Vasquez-Balandran</u>, Valdez asserts that this court has recognized that deferred prosecutions under

---

[6]U.S.S.G. § 2L1.2, comment. (n.1)(1997).

[7]TEX. CODE CRIM. P. ANN. art. 42.12, § 5(a)(West Supp. 1998).

[8]<u>Id.</u> § 5(b).

Texas law are distinguishable from convictions suitable for enhancement purposes. In that case we determined that a suspended Texas sentence can be used for enhancement even if the sentence was "assessed" rather than "imposed."[9] Valdez notes our observation in dicta that the Texas deferred adjudication procedure does not require "assessing" a term of imprisonment.[10] The clear implication, concludes Valdez, is that the deferred adjudication process results in something less than a conviction.

Second, Valdez argues that because a different section of the Guidelines, § 2K2.1 involving firearms offenses, explicitly includes "deferred adjudications" within its definition of "conviction,"[11] the absence of such explicit language in § 2L1.2, the provision here at issue, reflects an intention by the Sentencing Commission not to include "deferred adjudications" in the latter section. If the Sentencing Commission intended § 2L1.2 to treat deferred adjudications as prior felony convictions, Valdez

---

[9]Vasquez-Balandran, 76 F.3d at 651.

[10]Id. at 650.

[11]See § 2K2.1, comment. (n.5)("'[P]rior felony conviction(s),' are defined in § 4B1.2 . . . . For purposes of determining the number of such convictions . . . , count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)."). Section 4A1.1 Application Note 3 states that "[a] diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. See § 4A1.2(f)." Section § 4A1.2(f) states: "Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."

continues, it would have so instructed, as it did in § 2K2.1. As there is no mention in § 2L1.2 of treating prior deferred adjudications as prior felony convictions, concludes Valdez, such adjudication should not be counted as prior felony convictions. Finally, Valdez asserts that we have recognized that a defendant who pleaded guilty in a deferred adjudication under Texas law did not receive a conviction for purposes of immigration law.[12]

The government responds that the omission of a specific reference does not preclude either the finding made by the district court in this case or the use of a definition of conviction from another section of the Guidelines. The government points out that, although the definitions in specific sections of the Guidelines are not designed for general applicability, "their applicability to sections other than those expressly referenced must be determined on a case by case basis."[13] This provision, urges the government, directly contradicts Valdez's assertion that the omission of an explicit reference prohibits use of a definition from another section.

The government further asserts that the definition of conviction includes deferred adjudications, provided there was a finding or admission of guilt.[14] It points to § 4A1.2(f) —— addressing diversionary dispositions in the computation of criminal

_____

[12]Martinez-Montoya v. INS, 904 F.2d 1018, 1025-26 (5th Cir. 1990).

[13]U.S.S.G. § 1B1.1, comment. (n.2).

[14]U.S.S.G. § 4A1.2(f).

history — which states:

> "Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted.  A diversionary disposition resulting from a finding or admission of guilt, . . . in a judicial proceeding is counted as a sentence under §4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted."[15]

The government argues that this definition should be used in the instant case to further a policy of fair and equal treatment, which looks to the substance of the proceeding.  The kidnaping proceeding clearly fits this definition, continues the government, as there was an admission of guilt, a finding of sufficient evidence of guilt, a sentence of 180 days in jail and a term of probation.  Furthermore, notes the government, we have found Texas deferred adjudications to meet this definition.[16]  The government also relies on our decision in United States v. Giraldo-Lara,[17] in which we held that a "deferred adjudication" counts as a "prior sentence" in the context of computing a criminal history score under § 4A1.2.

The government emphasizes that revocation of Valdez's probation is pending, and that, without enhancement, his previous

---

[15]Id.

[16]See United States v. Cisneros, 112 F.3d 1272 (5th Cir. 1997)(holding that deferred adjudication for felony possession of marijuana received in Texas state court was "prior conviction" for purposes of sentence enhancement for drug conviction based on prior convictions for felony drug offenses — i.e., 21 U.S.C. § 841); United States v. Stauder, 73 F.3d 56 (5th Cir. 1996)(holding that a deferred adjudication could be used for calculating a base offense level for a defendant convicted of a firearm offense under the U.S.S.G.).

[17]919 F.2d 19 (5th Cir. 1990).

**8**

wrongdoing would be under-represented in the instant sentence. Finally, the government maintains that treating the kidnaping incident as a conviction for enhancement purposes upholds the purpose and policy described in Guidelines § 4A1.2, Application Note 9: Counting prior adult diversionary dispositions involving a judicial determination of guilt or an admission of guilt "reflects a policy that defendants who receive the benefit of rehabilitative sentence and continue to commit crimes should not be treated with further leniency."[18]

Valdez's reliance on our decision in Vasquez-Balandran is misplaced. In that case, the defendant argued that the district court erroneously interpreted § 2L1.2(b)(2) — sentence enhancement as a result of conviction for an aggravated felony — as applicable to his case. Relying on Texas law, he asserted that the district court erroneously determined that his prior state conviction for robbery was an "aggravated felony" as defined by the Guidelines. One element of the commentary's definition of an aggravated felony is the imposition of a sentence of imprisonment of at least five years. The defendant urged that in his case imprisonment was not "imposed"; rather, when the trial court granted probation, a sentence was "assessed."[19]

---

[18]U.S.S.G. § 4A1.2, comment. (n.9).

[19]"The probation officer responded that the state judgment indicated a sentence of ten years imprisonment was imposed and then suspended, and that the guideline commentary provided that it [the increase] applied 'regardless of any suspension of such imprisonment.'" Vasquez-Balandran, 76 F.3d at 649. The Defendant again objected, "arguing that under Texas law, when a defendant receives probation, a sentence is not 'imposed' unless and until

We determined in Vasquez-Balandran that the distinction made by the Texas court between "assessing" a sentence and "imposing" one is not controlling, as "federal law rather than state law applies to the issue of statutory interpretation . . . ."[20] In so doing, we further noted that we are "not constrained by a state's 'treatment of a felony conviction when we apply the federal sentence-enhancement provisions.'"[21] Moreover, "there is no indication in the relevant guideline or statutes that the Sentencing Commission or Congress intended state law to determine whether the term of imprisonment was imposed."[22] As such, we concluded that neither the Sentencing Commission nor Congress intended to make the application of § 2L1.2(b)(2) wholly dependent on state law; that given the purpose and policy the Sentencing Commission sought to serve, federal law controlled. Just as Texas law was not controlling in that case, it is not controlling in the instant case.

In United States v. Stauder,[23] we held that a defendant's

---

probation is revoked." Id. The district court adopted the PSR, applying the level increase, even though the Defendant's sentence was suspended. Id.

[20]Id. at 650.

[21]Id. (quoting United States v. Morales, 854 F.2d 65, 68 (5th Cir. 1988)).

[22]Id. (citing Wilson v. INS, 43 F.3d 211, 214-15 (5th Cir.), cert. denied, 516 U.S. 811, 116 S. Ct. 59, 133 L. Ed. 2d 23 (1995)(explaining that federal law governs the application of federal legislation in the absence of clear language to the contrary)(quoting Yanez-Popp v. INS, 998 F.2d 231 (4th Cir. 1993)).

[23]73 F.3d 56 (5th Cir. 1996).

deferred adjudication resulting from a finding or admission of guilt could be used for calculating the base offense level under § 2K2.1; in other words, a Texas deferred adjudication constituted a "prior conviction" in the context of that section. Like Valdez, Stauder argued that, as his Texas deferred adjudication was not a conviction under Texas law, it should not have been counted in calculating his base offense level.

In Stauder, we looked to the commentary of § 2K2.1 which refers to application note 3 to § 4B1.2 for the definition of "prior felony conviction(s)."[24] Note 3 defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."[25] We went on to examine the commentary to § 2K2.1, which specifies that "[f]or purposes of determining the number of . . . convictions under [§ 2K2.1(a)(4)(A)], count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)."[26] This led us to § 4A1.2, the Guideline that contains the definitions and instructions for computing a defendant's criminal history. It states that "[a] diversionary disposition resulting from a finding or admission of guilt . . . in a judicial

_____

[24]§ 2K2.1, comment. (n.5).

[25]§ 4B1.2, comment. (n.3).

[26]Stauder, 73 F.3d at 57 (quoting U.S.S.G. § 2K2.1(a)(4)(A), comment. (n.5))(emphasis in Stauder).

**11**

proceeding is counted as a sentence under § 4A1.1(c) <u>even if a conviction is not formally entered</u> . . . .'"[27]

We concluded that Stauder's deferred adjudication constituted a prior felony conviction, as (1) "the Guidelines provide that deferred adjudications resulting from a finding or admission of guilt are to be considered in computing the criminal history category"; and (2) § 2K2.1 "provides that any prior 'conviction' that receives points for purposes of determining the criminal history category is to be considered in determining the number of prior felony convictions for calculating the base offense level under § 2K2.1."[28]  Stated another way, his deferred adjudication constituted a prior felony conviction because "[a]lthough § 2K2.1 used the term 'conviction', it refers specifically to the criminal history provisions, which, . . . include deferred adjudications such as Stauder's in calculating a defendant's criminal history score."[29]  We discern no error of fact or law in the district court's calculation of Valdez's offense level.

C.    <u>Criminal History Category</u>

As stated previously, we held in <u>United States v. Giraldo-Lara</u> that a "deferred adjudication" counts as a "prior sentence" in the context of computing a criminal history score under § 4A1.2.    In that case, we noted that § 4A1.2(f) provides:

(f) <u>Diversionary Dispositions</u>

---

[27]<u>Id.</u> (quoting U.S.S.G. § 4A1.2(f))(emphasis in <u>Stauder</u>).

[28]<u>Id.</u>

[29]<u>Id.</u>

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution ) is not counted. <u>A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a [prior] sentence . . . even if a conviction is not formally entered.</u>[30]

We further observed that the commentary to that section added that "'diversionary dispositions [are counted] if they involved a judicial determination of guilt or an admission of guilt in open court.'"[31] As the defendant in that case had entered a guilty plea in the state prosecution, his "deferred adjudication probation" could be counted as a "prior sentence" for calculating his criminal history score under the terms of § 4A1.2(f).

Valdez nevertheless contends that the district court erred in computing his criminal history score when it applied § 4A1.1(b) to assess two points for his 1993 guilty plea to kidnaping. He contends that § 4A1.1(c) is the applicable subsection and that under it he should have received only one point for the kidnaping adjudication. This would reduce his criminal history score from seven to six and his criminal history category from IV to III. Observing that Valdez received a 180-day jail term for the state kidnaping guilty plea in 1993, the government counters that Valdez was properly assessed two criminal history points for this adjudication.

Section 4A1.1 provides for the computation of a defendant's criminal history category. Under this section, the sentencing

---

[30]<u>Giraldo-Lara</u>, 919 F.2d at 22-23 (quoting U.S.S.G. § 4A1.2(f)(emphasis in <u>Giraldo-Lara</u>).

[31]<u>Id.</u> at 23 (quoting U.S.S.G. § 4A1.2(f), comment. (n.9)).

court is instructed to

> (a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

> (b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).

> (c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item.[32]

Application Note 3 makes clear that under § 4A1.1(c), "[a] diversionary disposition is counted only where there is a finding or admission of guilt in a judicial proceeding. See § 4A1.2(f)."[33] The commentary to § 4A1.1 also provides that it must be read together with § 4A1.2, which contains the definitions and instructions for computing criminal history.[34] Section 4A1.2 states that "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."[35] The previously mentioned provision regarding diversionary dispositions — § 4A1.2(f) — falls under that section; "[a] diversionary disposition resulting from a finding or admission of guilt, . . . in a judicial proceeding is counted under § 4A1.1(c) even if a conviction is not formally entered . . . ."[36] Additionally, however, the commentary to § 4A1.2 states that "[t]o qualify as a sentence of imprisonment,

---

[32]U.S.S.G. § 4A1.1(a)-(c).

[33]Id. at comment. (n.3).

[34]Id. at Commentary.

[35]U.S.S.G. § 4A1.2 (a)(3)(emphasis added).

[36]U.S.S.G. § 4A1.2(f).

**14**

the defendant must have actually served a period of imprisonment on such sentence."[37] Moreover, "criminal history points are based on the sentence pronounced, not the length of time actually served."[38] Finally, "[a] sentence of probation is to be treated as a sentence under §4A1.1(c) <u>unless a condition of probation requiring imprisonment of at least sixty days was imposed.</u>"[39] Valdez's adjudication clearly specified actual incarceration in excess of sixty days —— in fact, treble that amount.

When computing a defendant's criminal history category, under § 4A1.1(b), a sentencing court is instructed to "[a]dd **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a)."[40] Valdez has offered no plausible explanation why this provision would not apply to his 180-day jail sentence for the 1993 guilty plea. His assertion that his kidnaping offense should be treated under § 4A1.1(c) and thus assessed one point because he received a deferred adjudication is unavailing. Valdez was sentenced to —— and apparently served —— 180 days <u>in</u> <u>jail</u>, albeit on work release. Thus, within the contemplation of § 4A1.1(b), a condition of his probation required imprisonment of "at least sixty

---

[37]U.S.S.G. § 4A1.2, comment. (n.2).

[38]<u>Id.</u>

[39]<u>Id.</u> (emphasis added).

[40]U.S.S.G. § 4A1.1(b). Under § 4A1.1(c), a sentencing court is to "[a]dd **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this item." U.S.S.G. § 4A1.1(c).

days."[41]

A plain reading of § 4A1.1 illustrates that Valdez's sentence fits squarely within subsection (b), and not within subsection (c). The only plausible way to apply § 4A1.1, both chronologically and logically, is to proceed from (a) to (b) to (c): Subsection (b) applies only to the extent a sentence is not counted in subsection (a), and subsection (c) applies only to the extent a sentence is not counted in either (a) or (b). As no part of Valdez's sentence is counted under (a), and his entire sentence is counted under (b), there is nothing left to count under (c). Indeed, his sentence would fall under (c) only if his deferred adjudication included no time to be served in jail. When, as here, there is a deferred adjudication under a plea of guilty that includes time to be served of at least sixty days, but less than one year and one month, the prior offense is properly considered under (b): Subsection (a) is inapplicable and subsection (c) never comes into play. We conclude that the sentencing court properly assessed two criminal history points for the kidnaping offense.[42]

---

[41]<u>Id.</u>

[42]We note in passing that Valdez did not argue that his work release was not a "sentence of imprisonment" under the Guidelines. Such an argument would likely fail as well. <u>See</u> <u>United States v. Schomburg</u>, 929 F.2d 505 (9th Cir. 1991). In that case, the Ninth Circuit held that the district court did not err in assessing two points for defendant's prior sentence of 60 days in county jail, which was served on a weekend work project. <u>Id.</u> at 507. The court rejected defendant's argument that "because he was <u>never</u> in custody on the 60-day sentence, it should not be counted as a sentence of imprisonment." <u>Id.</u> The court noted that the sheriff ultimately determined the defendant's eligibility for the project and could have imprisoned the defendant at his discretion; "[t]hus, the sentence, as pronounced by the court at the outset, was a sentence

III

CONCLUSION

We have held in the context of other guidelines that a Texas "deferred adjudication" should be considered either a prior "conviction" or prior "sentence." We recognize that § 2L1.2(b)(1), unlike other guidelines previously considered, does not expressly direct the sentencing court to consider prior adjudications regardless of whether a prison term for the adjudication is suspended. Even so, we perceive no good reason to depart from our previous positions addressing a Texas "deferred adjudication" and therefore hold that such a disposition may be counted as a "conviction for a felony" under § 2L1.2(b)(1).[43].Id. [44] As for Valdez's criminal history category, § 4A1.1(b) instructs a sentencing court to "[a]dd **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a)."[45] Subsection (c) is inapplicable to Valdez, given his sentence of non-probated incarceration exceeding sixty days. The district court correctly added two points to his criminal history category.

---

of imprisonment subject to alteration at the Sheriff's discretion." Id.

[43]In response to Valdez's reliance on Martinez-Montoya, which pertains to the consideration of deferred adjudication for purposes of immigration law, we note that this court in Stauder rejected that defendant's reliance on that case, commenting that "[it] did not involve the interpretation of U.S.S.G. § 2K2.1."

Stauder, 73 F.3d at 57 n.*. We again find argument based on Martinez-Montoya unavailing in the context of interpreting the Guidelines.

[45]U.S.S.G. § 4A1.1(b).

AFFIRMED.