IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40614
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILLIAM GEOVANY VIVAR-LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-552-1
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     William Geovany Vivar-Lopez appeals his sentence for
transporting aliens within the United States.  8 U.S.C.
§ 1324(a)(1)(A)(ii) and § 1324(a)(1)(A)(v)(II).  He argues that
the district court erred in imposing a two-level increase in his
base offense level for his role in the offense as an organizer,
leader, manager, or supervisor pursuant to U.S.S.G. § 3B1.1(c).
He also argues that the district court erred in including in his
criminal history score one criminal history point for a 1992

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

conviction for criminal mischief for which he received six months deferred adjudication probation.

The district court did not clearly err in determining that Vivar's offense level should be increased due to his role as an organizer or leader in the offense pursuant to § 3B1.1. See United States v. Lowder, 148 F.3d 548, 553-54 (5th Cir. 1998). The district court did not err in increasing Vivar's criminal history score by one point for his 1992 conviction for criminal mischief. See § 4A1.1(c); § 4A1.2(a)(1); United States v. Valdez-Valdez, 143 F.3d 196, 201-02 (5th Cir. 1998).

AFFIRMED.