United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-50051
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                        versus

SALVADOR GARCIA-ZAMUDIO,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Del Rio
USDC No. 2:04-CR-22-1
_____

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Salvador Garcia-Zamudio ("Garcia-Zamudio") appeals his sentence, asserting that the district court erred in imposing a twelve-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on Garcia-Zamudio's prior drug trafficking offense.

    In the mid-1990s, Garcia-Zamudio was charged with a violation of the Georgia Controlled Substances Act. He pled guilty, and in 1995 was sentenced to four years of probation pursuant to Georgia's First Offender Act ("GFOA"). After successfully completing his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probation, Garcia-Zamudio was "discharged without court adjudication of guilt," with the discharge stating that Garcia "shall not be considered to have a criminal conviction." Under state law, when successful completion of the term of probation is achieved, "the defendant shall be discharged without court adjudication of guilt." Ga. Code Ann. § 42-8-62. Further, "the discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his or her civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." Id.

In 2003, Garcia-Zamudio entered the United States illegally, and he was subsequently charged with unlawful entry. He pled guilty to this charge. At sentencing, the district court increased Garcia-Zamudio's base offense level under the Sentencing Guidelines by twelve levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B), which commands an increase when the defendant was deported after a prior "conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." Garcia-Zamudio objected to this increase, arguing that his discharged Georgia offense did not amount to a conviction, but the district court overruled the objection. Garcia-Zamudio timely appeals the district court's use of his discharged offense to enhance his sentence.

Even after Booker, this Court reviews the district court's application of the Guidelines de novo and its findings of fact for clear error. United States v. Villegas, 404 F.3d 355, 359 (5th

Cir. 2005); <u>United States v. Creech</u>, 408 F.3d 264, 270 n.2 (5th Cir. 2005).

Due to the exoneration and discharge, Garcia-Zamudio argues that he did not have a "conviction" for the purposes of increasing his offense level under § 2L1.2. Federal law, not state law, applies to the issue of statutory interpretation, thus "we are not constrained by a state's treatment of a felony conviction when we apply the federal sentence-enhancement provisions." <u>United States v. Valdez-Valdez</u>, 143 F.3d 196, 200 (5th Cir. 1998) (internal quotations omitted). In <u>Valdez-Valdez</u>, the Court examined Texas's deferred adjudication scheme and determined that a defendant's deferred adjudication under that scheme constituted a "conviction" for the purposes of § 2L1.2. <u>Id.</u> at 198-201. We find no material difference between that case and Garcia-Zamudio's case. Garcia-Zamudio's "non-conviction" under the GFOA constitutes a "conviction" for sentencing enhancement purposes under § 2L1.2, notwithstanding the treatment of such "non-conviction" under Georgia law.

Therefore, the sentence imposed by the district court is

AFFIRMED.