United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

No. 06-50520

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ANTHONY CASTELLON, also known as Martin A. Castellon,

Defendant-Appellant.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

On Appeal from the United States District Court for the
Western District of Texas,
No. 3:05-cr-02188-KC-2

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Martin Anthony Castellon pleaded guilty to a four-count drug indictment, and the district court sentenced him to concurrent sentences of 46 months in prison and four years of supervised release on each count. Castellon now appeals his sentence, claiming that the district court should not have considered a prior Texas deferred adjudication

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

proceeding for the purpose of enhancing his sentence.    We AFFIRM.

## I.

On October 5, 2005, a federal grand jury indicted Castellon and a co-defendant on four counts:  (1) conspiracy to import marijuana, in violation of 21 U.S.C. §§ 963, 952(a), and 960(a)(1); (2) importation of marijuana, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1); (3) conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and (4) possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The government also filed a bill of information, pursuant to 21 U.S.C. § 851,[1] notifying Castellon that it intended to seek enhanced punishment based on a prior Texas state conviction for possession of more than 5, but less than 50, pounds of marijuana in December 2004.

Castellon objected to the notice of enhanced punishment. He asserted that, because the Texas prosecution resulted in the

---

[1] 21 U.S.C. § 851 provides, in pertinent part:  "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . ."  21 U.S.C. § 851(a)(1).

2

imposition of deferred adjudication probation, it was not a "final" conviction and could not be used to enhance his sentence under the enhancement provisions of 21 U.S.C. § 841(b). See id. § 841(b)(1)(D) (providing enhanced punishments for convictions involving less than 50 kilograms of marijuana if the offense occurs "after a prior conviction for a felony drug offense has become final"). After a hearing, the district court overruled Castellon's objection.

On January 11, 2006, Castellon pleaded guilty, without a plea agreement, to all four counts of the indictment. Before Castellon was sentenced, the probation officer prepared a presentence investigation report. In its calculation of the relevant advisory sentencing guidelines range, the presentence investigation report attributed a total of three criminal history points to Castellon based on the Texas deferred adjudication conviction (one point for the sentence itself, and two points because the current offense was committed while Castellon was on probation for the Texas conviction). Castellon objected to the presentence investigation report's criminal history calculation, again asserting that the Texas deferred adjudication was not a "final" conviction and could not therefore be considered. The district court overruled

3

Castellon's objection and sentenced him to 46 months in prison on each count, the sentences to be served concurrently. The district court also imposed concurrent four-year terms of supervised release on each count. The sentence imposed by the district court was at the bottom of the advisory guidelines range calculated by the presentence investigation report.

## II.

As an initial matter, it is not altogether clear whether Castellon appeals only the use of his Texas conviction as a trigger to the enhanced penalties available under 21 U.S.C. § 841(b)(1)(D),[2] or whether he also appeals the use of the Texas conviction in calculating his criminal history category under the advisory sentencing guidelines. The argument heading in Castellon's brief suggests the former, but Castellon appears

---

[2] The presentence investigation report indicated that Castellon was subject to enhanced penalties not only under 21 U.S.C. § 841(b)(1)(D) (for counts three and four), but also under 21 U.S.C. § 960(b)(4) (for counts one and two). Although Castellon does not raise the issue, we note that section 960(b)(4) does not provide for sentence enhancement on the basis of a prior felony drug conviction. This error need not detain us, however. Castellon's sentence on counts one and two was less than the maximum sentence permitted under section 960(b)(4). Moreover, the only effect that the presentence investigation report's error had on the calculation of the appropriate advisory guidelines range for counts one and two was to increase the minimum term of supervised release to four years. Because Castellon was properly sentenced to concurrent four-year terms of supervised release on counts three and four, however, any error did not prejudice Castellon or affect his substantial rights.

4

to raise both arguments in the text of his brief. For the sake of completeness, we consider both.

Castellon does not dispute that, under binding precedents of this court, questions about the effect that a prior state conviction is to be given for federal sentencing purposes, whether under the advisory sentencing guidelines or the sentence enhancement provisions of 21 U.S.C. § 841, is a question of federal law. See United States v. Vasquez, 298 F.3d 354, 358 (5th Cir. 2002) (21 U.S.C. § 841); United States v. Valdez-Valdez, 143 F.3d 196, 200 (5th Cir. 1998) (U.S.S.G. §§ 4A1.1 & 2). Nor does Castellon dispute that this court has previously held that a Texas deferred adjudication can be considered a prior sentence or prior conviction under both the sentencing guidelines and section 841. See Vasquez, 298 F.3d at 358-60; Valdez-Valdez, 143 F.3d at 201-02.

Rather, Castellon argues only that the district court's decision to permit his 2004 Texas deferred adjudication to be used to enhance his sentence violates the Full Faith and Credit Act, 28 U.S.C. § 1738,[3] which provides that the judicial

---

[3]In his brief, Castellon invokes the Full Faith and Credit Clause of the Constitution. See U.S. Const. art IV, § 1. The Full Faith and Credit Clause does not, however, bind federal courts. See Univ. of Tenn. v. Elliot, 478 U.S. 788, 799 (1986); see also Conn. Bank of Commerce v. Republic of Congo, 309 F.3d 240, 248 (5th

proceedings of other states "shall have the same full faith and credit within every court within the United States . . . as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

Although this court does not appear to have previously addressed Castellon's full faith and credit argument, the argument is meritless. The Full Faith and Credit Act obligates federal courts to give effect to the judgments of state courts, but the principles that underlie the Full Faith and Credit Act are simply not implicated when a federal court endeavors to determine how a particular state criminal proceeding is to be treated, as a matter of federal law, for the purpose of sentencing the defendant for a distinct and unrelated federal crime. A number of other circuits have reached this same conclusion, and we are aware of no decisions to the contrary. See United States v. Jones, 415 F.3d 256, 265 (2d Cir. 2005) ("[T]he principles of federalism and comity embodied in the full faith and credit statute are not endangered when a sentencing court, not questioning the propriety of the state's

---

Cir. 2002) (stating that Full Faith and Credit Act "extends to the federal courts the requirements of the Full Faith and Credit Clause of the Constitution, which applies of its own force only to state courts").

6

determination in any way, interprets how to apply New York's youthful offender adjudications to a Guidelines analysis.") (internal citation and quotation marks omitted); <u>United States v. Guthrie</u>, 931 F.2d 564, 571 (9th Cir. 1991) ("[D]octrines such as Full Faith and Credit, . . . and related jurisdictional principles, are inapplicable . . . where the issue is the role of prior state convictions in a federal sentencing scheme."); <u>United States v. Carter</u>, 186 F. App'x 844, 847 (10th Cir. 2006) (unpublished) ("It does not accord a state judgment less than full faith and credit for a federal court to determine its effect on a subsequent federal sentence under federal law."). Accordingly, we reject Castellon's argument that the Full Faith and Credit Act prohibited the district court from considering his Texas deferred adjudication for sentencing purposes.

## CONCLUSION

For the reasons stated above, we AFFIRM Castellon's sentence.

**AFFIRMED.**