# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-31181
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEAN G ARIBOINOTE, also known as Jean Aiboinote, also known as Jean Airport, also known as Jean Ariboinche, also known as Jean Ariboinote, also known as Jean Beynorth, also known as Jean Beynortn, also known as Wesley Boinote, also known as Wisley Boinote, also known as Jean Bonette, also known as Jean Byenorth, also known as Jean Geurson Byenorth, also known as Jean Byenortn, also known as Jean Eriss, also known as Jean Erris, also known as Jean Airointe, also known as Jean G Byenorth, also known as Jeamard Lewis, also known as Jean Lewis, also known as Jeanard Lewis, also known as Jeanard Louis, also known as Jean Pierre, also known as James Wright

Defendant-Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-241-1

---

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jean G. Ariboinote appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal following an aggravated felony conviction. He argues that the district court plainly erred in enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on his prior Florida deferred adjudication for a drug offense. Because Ariboinote did not raise this issue in the district court, review is limited to plain error. See United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. Id. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

The district court erred in enhancing Ariboinote's sentence based solely on the information in the Presentence Report concerning his prior Florida drug conviction. See United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006); see also United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005). Further, the error was clear and obvious under current law. See Ochoa-Cruz, 442 F.3d at 867.

Ariboinote has not shown that this error affected his substantial rights. As Ariboinote concedes, his Florida conviction for the sale, manufacture, or delivery of cocaine under FLA. STAT. ANN. § 893.13(1)(a), on which the § 2L1.2(b)(1)(B) enhancement was based, constitutes a drug trafficking offense as defined by the commentary to § 2L1.2. See § 2L1.2, comment. (n.1(B)(iv)). Therefore, Ariboinote cannot show that he would have received a lesser sentence but for the error as required by Ochoa-Cruz, 442 F.3d at 867.

Ariboinote has not shown that the district court erred in enhancing his sentence because his Florida conviction was a deferred adjudication. We have held that a deferred adjudication is a conviction for purposes of § 2L1.2(b)(1)(B). United States v. Ramirez, 367 F.3d 274, 277(5th Cir. 2004); United States v. Valdez-Valdez, 143 F.3d 196, 198-201 (5th Cir. 1998). Ariboinote argues that if

the law were changed to provide that a deferred adjudication is not a conviction for purposes of § 2L1.2, he would be able to show that his substantial rights were affected. The plain error standard is not satisfied if existing precedent must be extended to recognize the alleged error. United States v. Williamson, 183 F.3d 458, 464 (5th Cir. 1999); see also United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998). Certainly it is not met if an appellant argues for a change to existing precedent.

AFFIRMED.