# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40743
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HILARIO SOTO-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-182-1

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Hilario Soto-Hernandez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 57 months of imprisonment and three years of supervised release. Soto-Hernandez argues for the first time on appeal that our opinion in *United States v. Rojas-Luna*, 522 F.3d 502, 504-06 (5th Cir. 2008), compels us to vacate his sentence. In *Rojas-Luna*, we held that the district court's use of the fact of his 2006 removal to increase his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

beyond the statutory maximum sentence allowed under § 1326(a) was reversible plain error because the fact of the 2006 removal had not been admitted by Rojas-Luna or proven to a jury beyond a reasonable doubt. 522 F.3d at 506-07. We determined that the only evidence in the record to show when the defendant was removed was an unsupported statement in the presentence report (PSR) and that there was no evidence in the record that the defendant had agreed to the accuracy of this fact in the PSR. *Id.* at 507.

The facts in Soto-Hernandez's case are distinguishable. Soto-Hernandez affirmatively admitted in his statement of facts in support of his plea agreement and in his objections to the PSR that he was deported on December 15, 2003. He confirmed this fact at his sentencing hearing. "[R]eliance on a defendant's admission of facts that are contained in the PSR is permissible." *United States v. Ramirez*, 557 F.3d 200, 204 (5th Cir. 2009). The district court did not plainly err in relying on Soto-Hernandez's admission that he was deported on December 15, 2003 in applying U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(a)(ii).

Soto-Hernandez argues that his sentence of Texas deferred adjudication should not be treated as a final conviction for purposes of U.S.S.G. § 2L1.2(b)(1)(A). He notes that the issue is foreclosed by Fifth Circuit precedent and that he is raising the issue solely to preserve it for possible further review. This issue is foreclosed by *United States v. Valdez-Valdez*, 143 F.3d 196, 200-01 (5th Cir. 1998).

AFFIRMED.