**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-40588
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR NAUN ROBELO-MOLINA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-1153

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Oscar Naun Robelo-Molina (Robelo-Molina) appeals the sentence of 57 months imposed following his plea of guilty to one count of being unlawfully present in the United States following conviction of a felony and deportation, a violation of 8 U.S.C. § 1326. Finding no error, we affirm.

Robelo-Molina first contends that the sentence was procedurally unreasonable because the district court selected a sentence based on clearly erroneous facts, which then affected the weight given to his criminal history.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Due to the dismissal of his criminal prosecutions by the Massachusetts state court, Robelo-Molina argues that he did not have a "conviction" for purposes of increasing his offense level under U.S.S.G. § 2L1.2. Although Robelo-Molina argues that the district court erred in its factual findings, he does not challenge the factual matters set forth in the Government's exhibits submitted to the district court. Thus, Robelo-Molina's challenge lies with district court's characterization of the two Massachusetts prosecutions and hence its application or interpretation of the relevant Guidelines. This is a question of law that we review de novo. *United States v. Valdez-Valdez*, 143 F.3d 196, 197-98 (5th Cir.1998); *United States v. Griffith*, 522 F.3d 607, 611 (5th Cir. 2008)

Federal law, not state law, applies to the issue of statutory interpretation and, thus, "we are not constrained by a state's treatment of a felony conviction when we apply the federal sentence-enhancement provisions." *Valdez-Valdez*, 143 F.3d at 200 (internal quotations omitted). In *Valdez-Valdez*, the Court examined Texas's deferred adjudication scheme and determined that a defendant's deferred adjudication under that scheme constituted a "conviction" for the purposes of § 2L1.2. *Id*. at 198-201. We find no material difference between that case and Robelo-Molina's case. *Id*.; *see also De Vega v. Gonzales*, 503 F.3d 45, 48-50 (1st Cir. 2007). Robelo-Molina's admission to sufficient facts and continuance without a finding of guilt ("CWOF") under Mass. Gen. Law ch. 278, § 18 constitutes a "conviction" for sentencing enhancement purposes under § 2L1.2, notwithstanding the treatment of such procedure under Massachusetts law.

Likewise, Robelo-Molina's procedural challenge to the district court's assessment of criminal history points based upon his prior Massachusetts prosecutions for threat to commit a crime and assault with a dangerous weapon is without merit. In *United States v. Giraldo-Lara*, 919 F.2d 19 (5th Cir. 1990), the Court concluded that a Texas "deferred adjudication probation" could properly be counted as a "prior sentence" under the Guidelines. *Id*. at 23

(applying § 4A1.2(f)). Moreover, when considering the same issue presented here, the First Circuit held that a Massachusetts court's CWOF was a "diversionary disposition" under § 4A1.2(f) and was properly counted as a "prior sentence" pursuant to § 4A1.1. *United States v. Morillo*, 178 F.3d 18, 20-21 (1st Cir. 1999). Robelo-Molina has not shown that the district court committed any procedural error.

Robelo-Molina next argues that his sentence was substantively unreasonable. He contends that the guidelines range of imprisonment overpunished him and yielded a sentence greater than necessary to achieve § 3553(a)'s purposes. Robelo-Molina also challenges the presumption of reasonableness that this court may apply, asserting that § 2L1.2 is flawed and not entitled to deference because, like the Guideline at issue in *Kimbrough v. United States,* 128 S. Ct. 558, 574-75 (2007), it was not based on empirical data or adopted under the usual Sentencing Commission procedures.

Although Robelo-Molina generally argued for a sentence below the guidelines range based on his mental health and other factors, he did not contend that the sentencing regime created by our precedent was unduly restrictive, nor did he raise his policy challenge to § 2L1.2. Accordingly, we review those arguments for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Given our dispositions of similar arguments in *Campos-Maldonado* and *United States v. Gomez-Herrera*, 523 F.3d 554 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008), we conclude that Robelo-Molina has failed to demonstrate any reversible plain error. To the extent that Robelo-Molina may have preserved a substantive reasonableness challenge to his sentence based on his particular circumstances, he has failed to overcome the presumption of reasonableness that we afford the district court's sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.