# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50975
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAZMIN RAMON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-164-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jazmin Ramon appeals the 97-month sentence imposed following her guilty plea conviction for possession with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), on the grounds that it is procedurally and substantively unreasonable. She asserts that the district clearly erred in treating four

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ounces of unseized methamphetamine as actual methamphetamine. She also argues for the first time that (1) the district court procedurally and substantively erred by failing to order her federal sentence to run concurrently to any sentences that may be imposed for three Texas cases that involved possession or distribution of methamphetamine because they constituted relevant conduct for the instant offense and (2) the district court's assignment of a criminal history point for a deferred adjudication sentence imposed in one of those cases was erroneous because it was relevant conduct and her guilt was never adjudicated. Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated review of the procedural and substantive reasonableness of a sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 751–52 (5th Cir. 2009).

Where error is preserved, we review the district court's interpretation or application of the Sentencing Guidelines de novo, and its factual findings, including its drug quantity calculations, for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court did not clearly err in treating the unseized methamphetamine as actual methamphetamine. *See United States v. Dinh*, 920 F.3d 307, 313-14 (5th Cir. 2019); *United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002); U.S.S.G. § 2D1.1, cmt. (n.5). Because that purity level used by the district court is not implausible in light of the record as a whole, the district court did not clearly or reversibly err in assigning Ramon a base offense level of 30. *See Dinh*, 920 F.3d at 313-14; *Solis*, 299 F.3d at 462.

Ramon's remaining issues are reviewable for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). Based on the record before it and the

No. 18-50975

commentary to § 5G1.3(c), Ramon has not established that the district court's failure to sua sponte exercise its authority to order Ramon's federal sentence to run concurrently with any potential state sentence constituted reversible plain error. *See Puckett*, 556 U.S. at 135; *Setser v. United States*, 566 U.S. 231, 237-39 (2012); § 5G1.3, cmt. (n.3.). Nor has Ramon shown that the district court plainly erred in assigning a criminal history point for her prior Texas deferred adjudication sentence. *See Puckett*, 556 U.S. at 135; *United States v. Giraldo-Lara*, 919 F.2d 19, 22-23 (5th Cir. 1990); § 4A1.2(f).

AFFIRMED.