United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50281

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BERNARDO OCHOA-CRUZ, also known as Bernardo Canales, also known as Inuc Ochoa-Cruz,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

This case concerns the evidence and considerations required before a district court can make a determination that a defendant has previously committed a crime of violence to allow a sentencing enhancement. Bernardo Ochoa-Cruz, the Appellant, pleaded guilty to an illegal reentry charge and subsequently received a sixteen-level sentencing enhancement based on previous convictions listed in his presentencing report ("PSR"). Ochoa-Cruz argues that the district court erred by solely relying on the PSR in determining that the

convictions were crimes of violence.[1]  As explained below, the district court did err in its reliance on the PSR, but Ochoa-Cruz has failed to prove that this error affected his substantial rights.  Accordingly, Ochoa-Cruz has failed to establish the third component necessary for showing the error complained of for the first time on appeal is plain error.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Ochoa-Cruz pleaded guilty to illegal reentry under 8 U.S.C. § 1326(a)(1) (2000).  The PSR recommended a sixteen-level enhancement for prior "crime of violence" convictions.  *See* 8 U.S.C. § 1326(b)(2) (2000); U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2004).  At sentencing, the court accepted the PSR's recommendation and did not make an independent determination of whether Ochoa-Cruz had previously committed crimes of violence.  The convictions at issue both came under Maryland law, one for "assault in the second degree" and another for "carrying a weapon openly with intent to injure."  Ochoa-Cruz did not object to the court's reliance on the PSR.  The court sentenced Ochoa-Cruz to fifty-seven months' imprisonment.  Ochoa-Cruz appealed.

---

[1]  Ochoa-Cruz is not arguing that the convictions are nonviolent.  *Infra* Part III.A.3.  Similarly, he does not dispute that he committed the offenses listed in the PSR.

## II.  STANDARD OF REVIEW

Ochoa-Cruz concedes that plain error review is appropriate, given that he raises this issue for the first time on appeal.[2] Plain error exists when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).  Even if these three conditions are met, an appellate court may exercise its discretion only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 358–59.

## III.  DISCUSSION

### A.  Plain Error Review of the Court's Reliance on the PSR

#### 1.  There Was an Error

Under the categorical approach for sentence enhancements, a court determines the nature of a prior conviction by examining the statute under which the conviction was attained.  *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also Shepard v. United States*, 544 U.S. 13, __, 125 S. Ct. 1254, 1257 (2005) (holding that for a guilty plea conviction, review is "limited to examining the

---

[2] Contrary to the government's assertions, Ochoa-Cruz did not waive the argument.  Waiver is defined as the "intentional relinquishment or abandonment of a known right."  *United States v. Olano*, 507 U.S. 725, 732 (1993).  There is no evidence that Ochoa-Cruz intentionally relinquished his right to challenge the district court's sole reliance on the PSR.

statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Neither *Taylor* nor *Shepard* permits a district court to enhance a sentence based solely on the type of PSR here, a mere characterization that the offenses were crimes of violence. This naturally follows the reasoning of the categorical approach, which calls upon courts to look at the statutes at issue rather than the specific acts of the defendant. Here, the district court failed to make the necessary inquiry. Therefore, the court erred.

### 2.  The Error Was Clear and Obvious

Relying on the PSR alone was clearly and obviously erroneous, as doing so conflicted with both *Taylor* and *Shepard* as well as the underlying themes of the categorical approach. *See United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005) (specifically directing courts to analyze the statutory definition of an offense when determining whether it is a crime of violence).

### 3.  The Error Did Not Affect Ochoa-Cruz's Substantial Rights

To show that the error affected his substantial rights, Ochoa-Cruz must show a reasonable probability that, but for the error, he would have received a lesser sentence. *Villegas*, 404 F.3d at 364. He bears the burden of proving that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993). Ochoa-Cruz does not satisfy this burden.

4

Ochoa-Cruz fails to argue that his convictions do not constitute crimes of violence. Indeed, he explicitly states that he "does not assert that . . . the listed convictions are not the kind that could be used to support the enhancement." Without at least arguing that the crime of violence enhancement was ultimately wrong, Ochoa-Cruz cannot show that he would have received a lesser sentence.

Instead of addressing the underlying nature of the offenses, Ochoa-Cruz imagines "scenarios" under which the sixteen-level enhancement vanishes, leaving him with shorter sentences. In doing so, he assumes, without even attempting to prove, that the Maryland offenses are not violent crimes. As Ochoa-Cruz has failed to make the argument, we need not determine whether the statutes at issue define nonviolent felonies. *Cf. United States v. Lynch*, 145 F.App'x. 482, 485 (5th Cir. 2005) (unpublished) (determining that the statute at issue defined a violent felony when defendant claimed it did not).

B. Ochoa-Cruz's Constitutional Argument

Ochoa-Cruz also argues that his sentence violated his constitutional rights because the court treated the prior convictions as sentencing factors rather than elements of the offense that must be found by a jury. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224

(1998).  As we are bound by *Almendarez-Torres*, we find that there was no constitutional violation.  *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

## IV.  CONCLUSION

Ochoa-Cruz failed to prove that the court's reliance on the PSR alone affected his substantial rights.  Ochoa-Cruz has not met his burden, as he failed to claim, much less show, that absent the error a reasonable probability existed that he would have received a lesser sentence.  In addition, his constitutional argument is barred by Supreme Court and Fifth Circuit precedent.  For these reasons, the sentence is AFFIRMED.