**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51025
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE BOSTON, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-459-ALL
- - - - - - - - - -

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On the morning of August 3, 2004, Eugene Boston, Jr., and his girlfriend, Norma Buckley, were in Buckley's car. Boston was driving; Buckley was in the passenger seat. Police stopped the vehicle and arrested Boston on outstanding warrants. In a search incident to the arrest, police found 21.23 grams of cocaine base concealed in a hidden compartment in the car's dashboard.

In a jury trial, Boston was found guilty of two counts of drug-related offenses. Count One was for possession of more than five grams but less than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) and (b), and Count

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Two was for possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844(a).  The district court entered convictions on both counts, sentenced Boston to two concurrent prison terms of 120 months and two concurrent supervised-release terms of eight years, and assigned a $200 special assessment. Boston now appeals.

Boston contends the trial evidence was insufficient to support the knowledge element of his convictions.  In a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  *See also United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir.), *cert. denied*, 126 S. Ct. 672 (2005).  The court does "'not consider whether the jury correctly determined guilt or innocence, [only] whether the jury made a rational decision.'"  *Lopez-Urbina*, 434 F.3d at 757 (quoting *United States v. Rivera*, 295 F.3d 461, 466 (5th Cir. 2002)) (alteration in original).

"The general rule in this circuit is that knowledge can be inferred from control over the vehicle in which the drugs are hidden if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993) (internal quotation omitted).  Boston contends that the Government failed to present sufficient evidence from which the jury could have rationally inferred that Boston knew about the cocaine base

hidden in Buckley's car.  We disagree.

Boston was driving the vehicle, and the hidden compartment was accessible from the driver's seat.  In addition, a surveillance officer had observed Boston "tinkering" under the hood of the vehicle before he and Buckley drove away.  The same officer testified that the dashboard had "obvious" alterations and that it was "kind of torn up."  The officer also described seeing a flat-blade screwdriver wedged into a seam in the trim on the dashboard's console.  The trim on the driver's side was chipped, indicating that it had been pried open.  The drugs were located behind the damaged trim.  In addition to the evidence in the car, Boston and Buckley had just come from staying overnight at Buckley's apartment.  In the apartment, the police found equipment and materials consistent with the manufacture of cocaine base.  The equipment—an electronic scale, a microwave-oven carousel, and a Pyrex plate—all tested positive for cocaine.  On the basis of the evidence presented, a rational trier of fact could have found that Boston knew about the cocaine base concealed in the car's dashboard.  We, therefore, reject Boston's challenge to the sufficiency of the evidence.

As the Government concedes, on the facts of this case, Boston's convictions were multiplicitous.  The Count Two conviction of possession of cocaine base, under 21 U.S.C. § 844(a), was a lesser included offense of the Count One conviction of possession of cocaine base with intent to distribute, under 21 U.S.C. § 841(a) and (b).  Under double-jeopardy principles, the lesser included offense, and the sentence for that offense, must

be vacated.  *United States v. Brito*, 136 F.3d 397, 408 (5th Cir. 1998).  *See also Rutledge v. United States*, 517 U.S. 292, 296 (1996) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  Accordingly, we affirm the Count One conviction and vacate the Count Two conviction.

Where it is clear that the dual convictions did not lead the district court to impose a harsher sentence, there is no need to remand for resentencing.  *See United States v. Narviz-Guerra*, 148 F.3d 530, 534 (5th Cir. 1998).  Here, aside from the $200 special assessment, it is clear that the same 120-month sentence would be imposed.  The district court's original sentence is the statutory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(B).  Vacating the Count Two conviction does not affect the statutory minimum of the Count One conviction.  We, therefore, adjust the special assessment to $100 and do not remand for resentencing.

Boston argues that his prison sentence violates his due-process rights because his prior convictions were neither submitted for proof to a jury nor admitted by him.  This argument is foreclosed.  *United States v. Ochoa-Cruz*, 442 F.3d 865, 868 (5th Cir. 2006).

We AFFIRM the Count One conviction and sentence under 21 U.S.C. § 841(a) and (b) for possession of cocaine base with intent to distribute.  We VACATE the Count Two conviction and sentence under 21 U.S.C. § 844(a) for possession of cocaine base. We MODIFY the district court's judgment to impose only a $100 special assessment.  Any money paid by Boston in excess of $100 toward the erroneous special assessment should be refunded.