United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

———————————

No. 05-50504
c/w No. 05-51208
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GARCIA-DUARTE,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas
(3:04-CR-2202-2)
(3:04-CR-2684-ALL)

———————————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Guillermo Garcia-Duarte challenges his guilty-plea convictions: (1) for attempting to enter, and entering, the United States without permission; and (2) for, on that same day of illegal entry, conspiracy, importation, and possession of 100 kilograms or more of marijuana. The district sentenced Garcia-Duarte to concurrent, 120-month terms of imprisonment for each offense.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Garcia-Duarte asserts the district court erred in accepting his guilty plea to the illegal-reentry offense because the Government's factual basis was insufficient to support the required finding that he "entered" the United States free from official restraint. He acknowledges our review is only for plain error. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir.), *cert. denied*, 534 U.S. 813 (2001).

Although an illegal-entry offense is comprised of both physical presence in the United States and freedom from official restraint, *see United States v. Morales-Palacios*, 369 F.3d 442, 446 (5th Cir.), *cert. denied*, 543 U.S. 825 (2004), we decline, especially on plain-error review, to accept Garcia-Duarte's assertion that the Border Patrol Agent's viewing him through an infrared unit constituted official restraint. Moreover, because Garcia-Duarte does *not* contest the sufficiency of the factual basis supporting his guilty plea with respect to his conviction for attempted entry, we reject his contention that the Government's factual basis was insufficient to support that plea. *See United States v. Harvard*, 103 F.3d 412, 420 (5th Cir.), *cert. denied*, 522 U.S. 824 (1997).

Also for the first time on appeal, Garcia-Duarte asserts the court erred in relying on the "hearsay statements" in the modified presentence investigation report (PSR) to enhance his sentence for the illegal-reentry offense, based on his having a prior felony

2

drug-trafficking offense. He does not challenge the fact of the conviction; nor does he assert the conviction was not the kind that could be used to support the enhancement. Rather, he contends the PSR's recitation of "second-hand" facts describing the prior conviction is the "kind of proof" that the Supreme Court has found inadequate to support a sentence enhancement. In support, he cites *Shepard v. United States*, 544 U.S. 13 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990).

In post-*Shepard* decisions, this court has continued to hold: a district court may rely on information provided in the PSR in making sentencing determinations; and it is the defendant's burden to show "the information in the PSR relied on by the district court is materially untrue". *United States v. Betancourt*, 422 F.3d 240, 248 (5th Cir. 2005) (internal quotation omitted). As Garcia-Duarte does *not* dispute the accuracy of the PSR's recitation of his prior offense, he has not shown error, plain or otherwise, in the district court's reliance on the PSR. Further, because he was subject to a mandatory minimum sentence of 120 months of imprisonment, he cannot demonstrate that the district court's error, if any, affected his substantial rights. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006).

Garcia-Duarte's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although he contends *Almendarez-Torres* was incorrectly decided and

3

a majority of the Supreme Court would overrule it in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly held it remains binding. *See* *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Garcia-Duarte concedes his claim is foreclosed in the light of *Almendarez-Torres* and circuit precedent, but preserves it for further review.

*AFFIRMED*