United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41669
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL RODRIGUEZ-FALCON, also known as Manuel
Jesus Rodriguez-Falcon, also known as Manuel Rodriguez-Falcon,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-999-ALL
---------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Rodriguez-Falcon (Rodriguez) pleaded guilty without a plea agreement to unlawfully attempting to enter the United States following deportation. At sentencing, Rodriguez received a 16-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on a previous Texas state conviction for delivery of heroin and was sentenced to 60 months of imprisonment. Rodriguez contends that the district court committed reversible plain error when it enhanced his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under § 2L1.2(b)(1)(A)(i).  We reject the Government's contention that Rodriguez "invited," and thus waived this argument.  Defense counsel's remarks at sentencing did not rise to the level of a concession that the enhancement was proper.

Under plain error review, "the defendant has the burden to show that there is clear or obvious error and that it affects substantial rights."  United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994).  If the defendant carries that burden, this court has the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (quotation marks and citation omitted).

In order to show that the enhancement of his sentence affected his substantial rights, Rodriguez must have at least argued that his prior conduct did not constitute drug trafficking.  See United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006).  Because he does not argue that the enhancement under § 2L1.2(b)(1)(A)(i) was ultimately wrong, Rodriguez has not shown plain error.  Alaniz-Alaniz, 38 F.3d at 791.

Rodriguez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Rodriguez's constitutional challenge is foreclosed by Almendarez-Torres v. United States,

523 U.S. 224, 235 (1998).  Although Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.