United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-50171
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

DANIEL CAMPOS,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-859
-------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

Daniel Campos appeals the sentence imposed following his guilty-plea conviction for

conspiring to possess with intent to distribute 100 kilograms or more of marijuana and possessing

with intent to distribute 100 kilograms or more of marijuana. Campos argues that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plainly erred by imposing the career offender enhancement in U.S.S.G. § 4B1.1(a) and by not awarding him a reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility.

Because Campos raises these arguments for the first time on appeal, we review only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). To establish plain error, Campos must show: (1) error; (2) that is plain; (3) that affects his substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Campos concedes that he had one prior felony controlled substance conviction, but correctly asserts that there was no evidence outside of the presentence report that established that he had been convicted of a second "controlled substance offense," as was required for application of the career offender enhancement. The Government argues that Campos's prior conviction for illegal investment constitutes a "controlled substance offense." The district court may not rely on the facts in the presentence report to determine whether the nature of Campos's prior convictions renders them "controlled substance offenses." Although this error is clear, Campos has not met his burden of establishing that this error affected his substantial rights. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006). Campos does not argue that he does not have two prior felony controlled substance convictions. Accordingly, the district court did not plainly err in enhancing Campos's sentence under § 4B1.2. *See id.*

Campos's assertion that he did not receive credit for acceptance of responsibility under § 3E1.1 is belied by the record, which establishes that his offense level was reduced by three levels under § 3E1.1(a) & (b).

AFFIRMED.