United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31200
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARLOS WILMER PALACIOS, also known as Jose Perez Antonio,
also known as Jose Maurico Palacio, also as Marcos
Rodriguez-Alvarenga, also known as Jose Maurico Palacios,
also known as Jesus Enriquez, also known as Carlos
Hernandez, also known as Carlos Palacios-Palacios, also
known as Marcos Rodriguez, also known as Carlos Wilmer
Hernandez, also known as Samuel Rodriguez, also known
as Wilmer Palacios, also known as C. W. Palacios, also
known as Jose Hernandez Palacio, also known as Jose
Antonio Perez, also known as Antonio Rodriguez

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-169-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Wilmer Palacios appeals from his guilty-plea

conviction and sentence for illegal reentry after deportation

from the United States.  He argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by relying on the presentence report's characterization of his prior conviction as a drug trafficking offense to enhance his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(B).  As Palacios did not preserve this issue in the court below, we review for plain error.  See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005).  Plain error exists when "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights."  Id.

To determine whether a prior conviction qualifies as a drug trafficking offense under § 2L1.2, the court may consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Shepard v. United States, 544 U.S. 13, 16 (2005).  "[U]nder Shepard, a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes."  United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005).

Because the district court did not have access to any Shepard-approved documents at the time of sentencing, the district court erred in enhancing the sentence.  This error was clear and obvious because it conflicts with Shepard.  See United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006).

In order to prove the third prong of the plain error test, Palacios must prove that if the district court relied the state

court judgment and information at sentencing it would not have enhanced his sentence pursuant to § 2L1.2(b)(1)(B).  See Ochoa-Cruz, 442 F.3d at 867.  In the instant case, the state court judgment and information are too ambiguous to show whether Palacios was convicted of a drug trafficking offense warranting a 12-level enhancement.  Accordingly, it is impossible to determine whether Palacios would have received a lesser sentence if the district court had reviewed these state court records.  The proper remedy in such a case is a remand for development of the record and resentencing.  See United States v. Bonilla-Mungia, 422 F.3d 316, 321 (5th Cir.), cert denied, 126 S. Ct. 819 (2005).

For these reasons, we vacate Palacios's sentence and remand for development of the record and resentencing.

VACATED AND REMANDED.