**UNITED STATES of America**

v.

**Glen Alan SWANSON, Defendant.**

**No. EP–07–CR–486–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Aug. 21, 2007.

Laura Franco Gregory, Assistant U.S. Attorney, El Paso, TX, for Plaintiff.

Erik Anthony Hanshew, Federal Public Defender, El Paso, TX, for Defendant.

## MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO CAREER OFFENDER ENHANCEMENT

MARTINEZ, District Judge.

On this day, the Court considered Defendant Glen Alan Swanson's objection to his classification in the Presentence Investigation Report ("PSR") as a career offender under U.S.S.G. § 4B1.1(a). Given that classification, Defendant was attributed an adjusted offense level of 29; with-

out the enhancement he would have been assessed an offense level of 24. After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearings on July 23, 2007, and July 31, 2007, the Court orally granted Defendant's objection. The Court writes now to explain more fully the reasons for its ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2007, Defendant was charged in a single-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a). On April 16, 2007, Defendant pled guilty to the indictment. The PSR assigned a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a), and recommended two separate two-level increases for the taking of property from a financial institution and the making of a threat of death. Defendant's adjusted offense level was thus calculated to be 24.

The PSR then determined that Defendant qualified for the career offender enhancement of § 4B1.1(a), given the Probation Officer's finding that Defendant had previously been convicted of at least two crimes of violence. The PSR therefore increased Defendant's adjusted offense level to 29, under U.S. S.G. § 4B1.1(b). Defendant previously pled guilty to robbery in the second degree, pursuant to Revised Code of Washington § 9A.56.210, on June 29, 1993; March 31, 1998; and April 13, 1998. Defendant objected to the career offender enhancement on the grounds that his robbery convictions did not constitute crimes of violence.

## II. DISCUSSION

§ 4B1.1(a) instructs the Court to apply a career offender enhancement:

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2007). Only the third requirement is at issue here. For the purposes of this enhancement,

> "[c]rime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

*Id.* § 4B1.2 cmt. n. 1.

■ While robbery is an enumerated offense in the definition of crime of violence, the Court's inquiry does not stop at the State of Washington's characterization of the conviction as robbery. Instead, the Court must consider the statute under which Defendant was convicted and ensure that the convictions do in fact constitute robbery or, alternatively, satisfy the other requirements of the Guidelines' definition. In considering Defendant's prior convictions, the Court applies the "categorical approach" and looks primarily to the statutes under which he was convicted. *United States v. Ochoa–Cruz*, 442 F.3d 865, 867 (5th Cir.2006). The Court does not look to the specific acts underlying Defendant's

convictions. *Id.* The Court may, however, look to documents such as the charging instrument, a written plea agreement, a plea transcript, or jury instructions. *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

The Fifth Circuit has defined robbery as an offense "containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person.'" *United States v. Santiesteban–Hernandez,* 469 F.3d 376, 380 (5th Cir.2006). As such, the Fifth Circuit has held that "a crime is a crime of violence under § 4B1.2(a)(2) only if, from the face of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person." *United States v. Charles,* 301 F.3d 309, 313 (5th Cir.2002) (en banc). In *Charles,* the Fifth Circuit distinguished between a serious risk of injury to another person and a risk of injury to property; a crime presenting a risk of injury to property alone is not a crime of violence. *Id.* at 314.

A conviction for robbery in the second degree in Washington does not satisfy these requirements and is not *per se* a crime of violence. The Washington statute underlying each of Defendant's prior robbery convictions provides that:

> [a] person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened

use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Rev.Code Wash. § 9A.56.190.[1] A defendant could thus be convicted under that statute for taking property "by the use or threatened use of force, violence, or fear of injury to ... his property or the ... property of anyone." Such conduct does not qualify as robbery under *Santiesteban–Hernandez.* It does not require "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2 cmt. n. 1(A). And it does not, "by its nature, present[ ] a serious potential risk of physical injury to another." *Id.* § 4B1.2 cmt. n. 1(B). *See also Charles,* 301 F.3d at 314.

The Court thus turns to various documents provided by the Government in order to determine if they narrow the scope of Defendant's prior convictions to exclude the possibility that they were based on force or injury to property rather than a person. The Court may in certain circumstances narrow a defendant's offense conduct by looking at various documents underlying a conviction. *See, e.g., United States v. Calderon–Pena,* 383 F.3d 254, 258 (5th Cir.2004) (sentencing court may look to the indictment "for the limited purposes of determining which of a series of disjunctive elements a defendant's conviction satisfies"). The Government contends that the charging documents and Defendant's signed agreement from a plea hearing

---

1. Each of Defendant's convictions was for "robbery in the second degree" under Revised Code of Washington § 9A.56.210. That section merely provides that "A person is guilty of robbery in the second degree if he commits robbery." Robbery is separately defined in § 9A.56.190, which has been quoted above. § 9A.56.190 provides in full that:

> A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of

immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

show that each of his convictions satisfies the requirements of a crime of violence. After a review of these documents, the Court determines that only one of Defendant's three prior convictions constitutes a crime of violence.

Defendant's first conviction, in Washington cause number 93–1–00376–3, is clearly not a crime of violence. The Amended Information sets forth five counts to which Defendant later pled guilty, but the language in each count merely tracks that of the statute under which Defendant was charged.

The second conviction, in Washington cause number 97–1–03117–8, is a crime of violence. The Second Amended Information narrows the charges against Defendant to exclude the use of force against property. The document charges that Defendant did unlawfully take property "against such person's will by use or threatened use of immediate force, violence, or fear of injury James Green [sic], said force or fear being used to obtain or retain possession of the property or to overcome resistance to the taking." PSR Addendum, Ex. B. This satisfies the requirements set forth in § 4B1.2, as interpreted in *Charles*.

Defendant's third prior conviction, however, is not a crime of violence. The First Amended Information in Washington cause number 97–1–01376–7 merely tracks the language of the statute, thus including

the possibility that Defendant was convicted for the use or threatened use of force only against the property of another. The Government provides the Court with a document titled "Statement of Defendant on Plea of Guilty," contending that this document narrows the conviction to require the use of force against a person. The document, a standard form with handwritten notations added about Defendant's case, indicates that "I have been informed and fully understand that ... I am charged with the crime of *Robbery Second Degree*. The elements of this crime are *take property of another with the use or threatening the use of force*." (The handwritten notations have been italicized.) Even if this document were to be used to narrow Defendant's conviction,[2] it does not specify whether force was used or threatened against a person or property, and thus fails to adequately narrow the conduct charged under the relevant statute.

Accordingly, only one of Defendant's prior convictions constitutes a crime of violence. Since the Guidelines characterize a defendant as a career offender only if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense," U.S. S.G. § 4B1.1(a), the career offender enhancement was not applied in this case.[3]

---

2. The document is signed by Defendant, which arguably makes it similar to a "transcript of plea colloquy" or an "explicit factual finding by the trial judge to which the defendant assented," both of which may be considered by the Court in narrowing a defendant's conviction. *Shepard*, 544 U.S. at 16, 125 S.Ct. 1254.

3. At sentencing, the Court also considered other objections raised by Defendant to the various sentencing enhancements proposed in the PSR. The Court ultimately assessed an

adjusted offense level of 21 and a criminal history category of IV. The advisory guideline range thus called for a term of imprisonment of 57 to 71 months. In order to fulfill the objectives of 18 U.S.C. § 3553(a)(2), the Court granted an upward variance and imposed a sentence of 96 months imprisonment. The Court found the advisory guideline range insufficient to reflect the seriousness of the offense, to promote respect for the law, and to sufficiently deter the defendant from further criminal conduct.