# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-51662
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SONIA YOLANDA PERALTA-ROSA, also known as Sonia Peralta Rosa

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1124-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sonia Yolanda Peralta-Rosa pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). Peralta-Rosa argues that the district court plainly erred in relying on hearsay statements in the presentence investigation report (PSR) and its addendum (APSR) to enhance her base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on her prior conviction for assault with a deadly weapon under § 245(a)(1) of the California Penal Code.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Peralta-Rosa did not object in the district court to the legal sufficiency of the evidence to support the sentence enhancement, we review for plain error. United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006). The district court's reliance on the PSR, APSR, and the abstract of judgment was clear error. See Shepard v. United States, 544 U.S. 13, 15-16 (2005); Ochoa-Cruz, 442 F.3d at 867; United States v. Gutierrez-Ramirez, 405 F.3d 352, 357-59 (2005). However, the error did not affect Peralta-Rosa's substantial rights. To show that the error affected her substantial rights, Peralta-Rosa must show a reasonable probability that, but for the error, she would have received a lesser sentence. Ochoa-Cruz, 442 F.3d at 867.

Peralta-Rosa does not dispute that she was convicted under § 245(a)(1) of the California Penal Code. Nor does she dispute that her conviction under that statute -- assault with a deadly weapon -- constitutes a crime of violence for purposes of sentence enhancement under this court's precedent. See United States v. Sanchez-Ruedas, 452 F.3d 409, 414 (5th Cir. 2006). Without at least arguing that her conviction was not a crime of violence under § 2L1.2, Peralta-Rosa cannot show that she would have received a lesser sentence. Ochoa-Cruz, 442 F.3d at 867.

Peralta-Rosa also argues that her trial counsel was ineffective at sentencing for failing to object to the sufficiency of the Government's evidence regarding the enhancement. This court generally will not consider claims of ineffective assistance of counsel on direct appeal except in those "rare cases where the record allowed [this court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). This is not one of those cases.

Peralta-Rosa also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Peralta-Rosa's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523

U.S. 224, 235 (1998). Although she contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Peralta-Rosa properly concedes that her argument is foreclosed in light of Almendarez-Torres and circuit precedent, but she raises it here to preserve it for further review.

Accordingly, without prejudice to Peralta-Rosa's right to file a motion pursuant to 28 U.S.C. § 2255 with respect to her ineffective assistance of counsel claim, the judgment of the district court is AFFIRMED.