IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-30255

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRIS WILLIAMS; JEREL CLAVO, also known as Jerel T Clavo

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-183

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Chris Williams and Jerel Clavo were convicted, respectively, for possession of a firearm by a convicted felon and possession of a firearm while under indictment for a felony. Williams challenges his conviction and sentence; Clavo, only his sentence. AFFIRMED.

I.

On 31 May 2006, New Orleans Police Officers Davis and Butler were patrolling the Seventh Ward of New Orleans, greatly abandoned following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hurricane Katrina. While doing so, the Officers observed a male dressed in black in the backyard of an abandoned house. The Officers proceeded to investigate.

Alleyways were on each side of the house toward the backyard; Officer Davis walked down the left; Officer Butler, the right. As Officer Davis approached the backyard and could see the subject was holding a weapon, the Officer drew his weapon and ordered the subject to drop his. In response, the subject fired twice at Officer Davis, who fell to the ground seeking cover, while firing three times at the subject.

Officer Davis saw the male that fired at him scaling a wooden fence in the backyard to escape. Entering the backyard in pursuit, the Officer saw another man, defendant Clavo, standing in the right rear portion of the backyard. Officer Davis took cover behind a portion of the house, until he saw Clavo attempting to scale the fence as had the first male. Officer Davis then entered the backyard with his weapon pointed at Clavo, ordering him to get on the ground.

Earlier, as noted, Officer Butler, with his weapon drawn, had proceeded down the other alleyway toward the backyard. He heard Officer Davis shout the warning to the first male to drop his weapon, and he heard Officer Davis and the first male exchange gunfire. Officer Butler could not see most of the backyard until he got close to the rear of the house, at which time he could see Clavo squatting down in the yard, holding an AK-47 assault weapon. Clavo turned toward Officer Butler, with the AK-47 aimed at him. Officer Butler raised his weapon to the firing position in order to shoot Clavo.

Just before Officer Butler could fire his weapon, defendant Williams turned into the alleyway from the backyard nearly crashing into Officer Butler. The Officer fell back in order to create distance between him and Williams; as that Officer fell to the ground, he observed a pistol in Williams' hands. Officer

Butler fired twice, striking Williams once in the left arm. Officer Butler then entered the backyard.

There, Officer Butler saw Officer Davis, defendant Clavo with the AK-47 lying near him, and defendant Williams lying face down on the ground, with a Beretta pistol next to him. The defendants were taken into police custody, with Williams being transported to a medical facility.

Williams was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Clavo, with possession of a firearm while under indictment for a felony, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). They were tried together in October 2006, a jury finding each guilty.

A sentencing hearing was held on 2 March 2007, during which the defendants made objections and presented testimony concerning recommended sentencing enhancements. The district court sentenced both defendants to, inter alia, prison terms within the advisory sentencing-guideline range: Williams, 63, and Clavo, 57, months' imprisonment.

II.

Williams challenges his conviction on two bases and his sentence on three. Clavo challenges only his sentence, on one basis.

A.

In contesting his conviction, Williams claims: there was insufficient evidence to find him guilty of firearm possession; and the prosecutor's rebuttal closing argument constituted plain error, which had a substantial impact on the outcome of the trial. Regarding his sentence, Williams claims it was error to: enhance his sentence under Guideline § 3A1.2(c)(1), for assaulting Officer Butler, and under Guideline § 3A1.2(c), because a felon-in-possession-of-a-firearm offense is a victimless offense; and deny his motion to obtain photographs of his wound for use during sentencing.

1.

a.

Concerning sufficiency-of-the-evidence, "we will hold the evidence sufficient if, but only if, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt". United States v. Gonzales, 436 F.3d 560, 571 (5th Cir.) (citation and internal quotation marks omitted), cert. denied, 126 S. Ct. 2363 (2006). The evidence is reviewed in the light most favorable to the Government, with all reasonable inferences and credibility determinations to be made in support of the verdict. Id.

For a conviction under 18 U.S.C. § 922(g)(1), "the government must prove . . . the defendant (1) has been convicted of a felony; (2) possessed a firearm in or affecting interstate commerce; and (3) knew . . . he was in possession of the firearm". United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995) (citation omitted). For trial, Williams stipulated: he is a convicted felon; and the firearms found at the scene were in, or affected, interstate commerce. The only element at issue was whether Williams was in knowing possession of the firearm. Consequently, the evidence is sufficient for conviction if a rational trier of fact could have found it established, beyond a reasonable doubt, that Williams was in knowing possession of the firearm.

Officer Butler testified he saw Williams with a weapon in his hand as the Officer approached where the alleyway opened into the backyard. Officer Butler also testified a Beretta  handgun was lying on the ground beside Williams and within his reach, after Williams had been shot and fell to the ground.

Conversely, Williams testified:  even though he put his hands in the air, he was fired at when he first encountered the Officers. Williams was also allowed to show his wound to the jury in support of his theory that the wound's location demonstrated he could not have been in possession of a firearm at the

time. Williams offered no scientific or other form of expert testimony, however, regarding how the wound's location demonstrated he could not have been holding the Beretta handgun.

In short, the jury had an opportunity to consider evidence from each side; it found Officer Butler's testimony more credible than Williams'. Viewing the evidence in the requisite light most favorable to the Government, with the requisite reasonable inferences and credibility determinations in support of the verdict, a rational trier of fact could have found beyond a reasonable doubt that Williams possessed the firearm as observed and reported by Officer Butler.

b.

Williams did not object at trial to the prosecutor's now-contested rebuttal closing argument (argument). Therefore, our review is only for plain error. E.g., United States v. Mares, 402 F.3d 511, 515 (5th Cir. 2005). Accordingly, Williams must show a plain (clear or obvious) error that affected his substantial rights; even if he does, we retain discretion to correct the error and generally will do so only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings'". United States v. Olano, 507 U.S. 725, 736 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)); e.g., United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006).

"Even with a contemporaneous objection to an allegedly improper remark by the prosecutor, the defendant's burden of establishing that it constitutes reversible error is substantial." Mares, 402 F.3d at 515. In asserting, for the first time on appeal, that the argument affected his substantial rights, Williams claims the prosecutor's themes during his argument inferred defense counsel was making a deceitful effort to confuse the jury and suggested Officer Butler must not have lied because the Government did not investigate the Officers for corruption.

The Government counters that the argument was responsive to innuendos of collusion, police-officer misconduct, and suggestions of a police shooting cover-up of the allegedly unarmed Williams and Clavo. It also contends the argument merely disputed the credibility of Williams' testimony and urged the jury to draw from the evidence in making credibility choices and findings.

A prosecutor, as an advocate, is entitled to respond to attacks by the defense in closing argument against the prosecutor, his witnesses, or the work of Government agents. United States v. Nanez, 694 F.2d 405, 410 (5th Cir. 1982). The argument, considered in context, does not constitute clear or obvious error.

2.

Williams presents three sentencing issues. In addition to contesting two enhancements, he presents an evidentiary issue.

a.

For one of those three challenges, Williams contends his sentence should be reversed because he was not allowed to have photographs made of his gunshot wound, allegedly resulting in an incomplete record. The argument is indeed passing strange because, as noted: Williams was allowed to display his wound to the court and jury; and he did not offer expert testimony.

The court and jury could assess the alleged significance, in relation to Williams' contention his hands were in the air when fired upon, of the location of his wound through the following exchange: the wound display, Williams' narration, and detailed questioning by defense counsel. The record on appeal contains this exchange. In the light of there being no expert testimony, the exchange was sufficient, if not the best, evidence concerning Williams' wound.

b.

The other two sentencing issues concern enhancements to the base-offense level. Even though, post-Booker, the Sentencing Guidelines are only advisory,

the district court must still properly calculate the guideline-sentencing range. E.g., Gall v. United States, 128 S. Ct. 586, 596 (2007). Its interpretation of the guidelines is reviewed de novo, United States v. Angeles-Mendoza, 407 F.3d 742, 747 (5th Cir. 2005); its factual findings, only for clear error, United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." Id.

i.

Williams contests the § 3A1.2(c)(1) enhancement for assaulting a police officer. He claims: he could not have pointed a gun at Officer Butler because his hands were in the air; and, even if he had a firearm, he did not have the necessary intent for assault.

(1)

As discussed, infra, a rational jury could have concluded from the evidence that Williams possessed a firearm. The district judge, who presided at both trial and sentencing, made factual findings at sentencing based on this trial evidence when he adopted the recommended enhancement for assaulting a police officer: "These two [defendants], Clavo and Williams, they have guns drawn. They are trying to get away. They know the police officers are right there and they've got guns drawn, and, to me, that constitutes the facts of this case". In the light of the record as a whole, it was not clearly erroneous for the district court to find Williams pointed a firearm at Officer Butler.

(2)

Williams' second contention for this issue, that he lacked the intent to assault the Officer, also fails. Williams testified he heard the Officers identify themselves and command the defendants to freeze, yet the evidence showed Williams attempted to escape from the backyard while carrying a loaded firearm. At sentencing, it was not clearly erroneous for the district court to find: Williams' conduct was intentional as he fled the scene in contravention of an

Officer's command; and, during this intentional escape attempt, he assaulted Officer Butler.

ii.

Williams' challenge to application of § 3A1.2(c)–that a felon-in-possession-of-a-firearm offense is a victimless crime–was rejected in United States v. Ortiz-Granados, 12 F.3d 39, 42 (5th Cir. 1994). At oral argument, Williams conceded this issue is foreclosed.

B.

Defendant Clavo contests only his 57 months' sentence. He contends the district court improperly relied on his arrest record in selecting a sentence at the high end of the properly calculated advisory guidelines range.

Notwithstanding the guidelines no longer being mandatory, 18 U.S.C. § 3553(a) "requires judges to take account of the Guidelines together with other sentencing goals", when imposing a sentence. United States v. Booker, 543 U.S. 220, 259 (2005). Such sentences are reviewed pursuant to a two-prong abuse-of-discretion analysis. Gall, 128 S. Ct. at 597. First, this court must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

Id. Clavo's assertion that consideration of his arrest record was improper does not concern procedural error. Indeed, the district court's calculation of a 46 to 57 month advisory guideline range was proper and took into consideration the § 3553(a) factors.

Therefore, at issue is the second prong of our analysis, which requires review of a procedurally sound sentence (such as this one), by "consider[ing] the substantive reasonableness of the sentence imposed under an abuse-of-discretion

8

standard". Id. In doing so, we "take into account the totality of the circumstances . . . . If the sentence is within the Guidelines range, the appellate court may . . . apply a presumption of reasonableness". Id.; see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (Courts of appeal "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines".); Mares, 402 F.3d at 519 ("[I]n our reasonableness review we will infer that the judge has considered all the factors for a fair sentence . . . . [and] it will be rare for a reviewing court to say such a sentence is 'unreasonable'".).

As stated, in imposing the maximum sentence within the properly-calculated range, the district court considered the § 3553(a) factors. Such consideration included: Clavo's need for drug treatment and educational and vocational training; and the safety of the public. In addition, the court noted: the seriousness of Clavo's pointing an AK-47 directly at an Officer; and Clavo's arrest history. Such factors are appropriate considerations in imposing a sentence within the advisory range. That the sentencing court considered, among other factors, Clavo's (many) prior arrests for purposes of imposing the within-guidelines-range sentence was not unreasonable and certainly does not overcome the presumption of reasonableness afforded such sentences.

## III.

For the foregoing reasons, the judgments are AFFIRMED.