# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-30862
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEREMY JASON MOREFIELD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50100

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeremy Jason Morefield pleaded guilty to counts 1 and 3 of an indictment charging him with conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime and has appealed his sentence. Morefield contends that his two prior Texas convictions for possession of a controlled substance with intent to deliver should not have been regarded as "controlled substance offense[s]" for purposes of applying the career-offender Guideline. See U.S.S.G. § 4B1.1(a) & (b). He contends that the Guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defining the term "controlled substance offense," U.S.S.G. § 4B1.2(b), does not use the term "deliver" in describing this category of offenses. We recently rejected this argument in United States v. Ford, 509 F.3d 714, 714-17 (5th Cir. 2007).

Morefield argues that "[t]here is insufficient detail in the Presentence Report to make a factual determination that . . . [Morefield] pled to conduct that falls within the definition of a controlled substance offense" under U.S.S.G. § 4B1.2. Because this contention has been raised for the first time on appeal, our review is for plain error. See United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006). Morefield does not dispute that his prior convictions were for possession with intent to deliver a controlled substance, an offense that we determined in Ford was equivalent to the offense of possession of a controlled substance with intent to distribute. See Ford, 509 F.3d at 717. For that reason, he has not shown that his substantial rights were affected. See Ochoa-Cruz, 442 F.3d at 867. The judgment is AFFIRMED.