IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2008

Charles R. Fulbruge III
Clerk

No. 06-40833
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GRABIEL TORRES-GARCIA, also known as Victor-Jose Gomez-Garcia, also known as Miguel Antonio Aldana-Garcia

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Louisiana
USDC No. 5:05-CR-2358-ALL

Before JONES, Chief Judge, and STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Grabiel Torres-Garcia appeals his 70-month sentence imposed following his guilty plea conviction to illegal reentry into the United States following deportation. Torres-Garcia concedes that his prior convictions under Cal. Health & Safety Code § 11351.5, based on his possession for sale and purchase for sale of cocaine, were drug trafficking offenses within the meaning of U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(i) and that the district court did not plainly err in making a 16-level adjustment to his offense level under that Guideline.

Because Torres-Garcia did not object to the characterization of the offense in the district court, review is for plain error. See United States v. Ochoa-Cruz, 442 F.3d 865, 866-67 (5th Cir. 2006). "Plain error exists when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. at 866 (quotation marks omitted).

Under § 2L1.2(b)(1)(A)(i), a 16-level increase is applied if the defendant was deported after a felony conviction that is "a drug trafficking offense for which the sentence imposed exceeded 13 months." In United States v. Palacios-Quinonez, 431 F.3d 471, 473-76 (5th Cir. 2005), the court determined that a purchase for purposes of sale of cocaine is a drug trafficking offense within the meaning of § 2L1.2(b)(1)(A)(i). Torres-Garcia admits that he pleaded guilty to that offense and that he received a sentence exceeding 13 months. Therefore, the district court did not plainly err in making the adjustment.

The district court correctly calculated the guidelines range and did not abuse its discretion in imposing sentence at the bottom of the sentencing guidelines range. Therefore, the sentence was substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

AFFIRMED.