**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2009

Charles R. Fulbruge III
Clerk

No. 07-51039
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR CORTEZ-DE CANO, also known as Hector Cortez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-216-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Cortez-De Cano (Cortez) pleaded guilty to being an alien found unlawfully in the United States following a prior deportation. Cortez was sentenced to 41 months of imprisonment and a three-year term of supervised release.

For the first time on appeal, Cortez argues that the district court erred in relying upon the Presentence Investigation Report's (PSR) characterization of his prior state court conviction for assault and battery with a dangerous weapon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a crime of violence to enhance his sentence by 16 offense levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).  As Cortez concedes, we review this issue only for plain error.  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

After reviewing the record, we conclude that although the district court plainly erred in relying solely upon the PSR's characterization of Cortez's past offense for enhancement purposes, *see United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005), Cortez has failed to demonstrate that but for the error, the district court would not have imposed the enhancement.  *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005).  Consequently, he has failed to establish that the error affects his substantial rights.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004); *Ochoa-Cruz*, 442 F.3d at 867.

AFFIRMED.