**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50684
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL MOSSO-GUZMAN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3216-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Mosso-Guzman pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 71 months of imprisonment and three years of supervised release. Mosso-Guzman argues that the district court plainly erred in applying the 16-level enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior conviction under California Health and Safety Code § 11352. He argues that his sentence was enhanced in plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contravention of *United States v. Garza-Lopez*, 410 F.3d 268, 273-74 (5th Cir. 2005), in which this court held that California Health and Safety Code § 11379(a), which criminalized offers to sell a controlled substance, was overbroad and encompassed activity that did not fall within the definition of "drug trafficking offense" under § 2L1.2.

Because Mosso-Guzman did not object to the 16-level enhancement in the district court, we review for plain error. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 866-67 (5th Cir. 2006). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court applied the 16-level enhancement based on Mosso-Guzman's conviction under California Health and Safety Code § 11351.5, not § 11352. In *United States v. Palacios-Quinonez*, 431 F.3d 471, 474-77 (5th Cir. 2005), we held that the offense conduct constituting a violation of § 11351 is a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(A)(i). The two statutes are identical in that both criminalize the possession for sale or the purchase for purposes of sale, except for the fact that § 11351 applies to controlled substances in general and § 11351.5 applies to cocaine base in particular. There is no basis upon which to distinguish the two statutes for purposes of applying the holding of *Palacios-Quinonez* to § 11351.5. The district court clearly applied the 16-level enhancement based on the conviction under § 11351.5. The district court did not plainly err in doing so.

AFFIRMED.