# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2010

No. 08-30212
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYANT JACOBS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-171-1

Before DAVIS, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Bryant Jacobs appeals his conviction for being a felon in possession of a firearm and his resulting sentence to, *inter alia*, 120 months' imprisonment.

Jacobs contends the district court improperly advised him that he had no standing to file a motion to suppress evidence. He maintains: at a pretrial conference, the district court agreed with Jacobs' counsel's assessment that a suppression motion was not viable because Jacobs lacked standing to challenge the disputed evidence. The record reflects, however, that the district court never

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ruled on the validity of a motion to suppress because no such motion was ever filed. Instead, the court merely explained to Jacobs the legal concept of standing and clarified for him the reasons his counsel decided not to file such a motion. Moreover, to the extent that Jacobs seeks to have our court decide whether the disputed evidence should be suppressed, he has waived his right to raise that issue here. *See United States v. Pope*, 467 F.3d 912, 918 (5th Cir. 2006) (noting that a defendant who fails to make a timely suppression motion cannot raise that claim for the first time on appeal).

Jacobs also asserts his trial counsel was ineffective because he did not file a motion to suppress. The record, however, is *not* sufficiently developed to permit direct review of Jacobs' ineffective-assistance-of-counsel claim. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Therefore, we decline to consider this claim, without prejudice to Jacobs' right to raise it in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 502–07 (2003) (noting that habeas proceedings are the preferred method for raising an ineffective-assistance-of-counsel claim).

Finally, for the first time on appeal, Jacobs contends the district court erroneously relied upon the presentence investigation report's (PSR) characterization of his prior state-court convictions, for illegal use of weapons and possession with intent to distribute marijuana, to increase his sentence by 10 offense levels under Guideline § 2K2.1 (increasing base offense level where defendant has "at least two felony convictions of either a crime of violence or a controlled substance offense"). As Jacobs concedes, review of this issue is only for plain error.

Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and generally will do so only if it seriously affects the

fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

The district court was not permitted to rely on the PSR's characterization of Jacobs' past offenses for sentence-enhancement purposes. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). Jacobs has failed, however, to demonstrate that any such error affected his substantial rights. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006) (holding substantial rights are not affected where appellant fails to establish that the application of the enhancement was ultimately wrong).

AFFIRMED.