# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2010

No. 09-50652
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MAURICIO CARREON, also known as Jesus Maricio Griego-Carreon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1512-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jesus Mauricio Carreon appeals the sentence imposed following his convictions for illegal reentry, fraud in a citizenship proceeding, and making a false statement under oath. He contends the district court: plainly erred by relying solely on the presentence investigation report (PSR) to enhance his sentence by 16 levels for a prior federal conviction for a crime of violence, under Guideline § 2L1.2(b)(1)(A)(ii); and erred by treating that prior conviction as a sentencing factor instead of an element of the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carreon did not object in district court to the 16-level enhancement. Therefore, that issue is reviewed only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Reversible plain error exists where a clear or obvious error affects the defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we have discretion whether to correct such an error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

"[A] district court [is] not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes". *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). Here, however, the Government, through an unopposed motion, has supplemented the record on appeal with evidence corroborating the information in the PSR that the district court erroneously relied on—specifically, the indictment and the judgment of conviction for Carreon's prior offense. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 386 (5th Cir. 2006) (allowing unopposed supplementation of record on appeal with, *inter alia*, charging document and judgment).

That judgment of conviction shows Carreon was convicted of taking a motor vehicle by force while possessing a firearm, in violation of 18 U.S.C. § 2119. Because these documents support the district court's applying the 16-level enhancement for the prior conviction, Carreon has not shown he would have received a lower sentence but for the district court's relying on the PSR. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006). Therefore, Carreon has *not* shown that his substantial rights were affected and, accordingly, has *not* established reversible plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Carreon also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. *See generally Apprendi v. New Jersey*, 530 U.S. 466 (2000). As Carreon acknowledges, this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

AFFIRMED.